IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SUSAN M. SAUNDERS, | ) | CASE NO. 8:05CV94 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| WEYERHAEUSER COMPANY, | ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion to Dismiss the Complaint (Filing No. 5) in which the Defendant argues that Plaintiff's action is time-barred. Defendant Weyerhaeuser Company contends that Plaintiff Susan Saunders failed to file her Complaint within 90 days after she received notice of her right to sue from the Equal Employment Opportunity Commission ("EEOC"), and consequently, her Complaint should be dismissed. The issue has been fully briefed.

**Standard of Review**

Defendant brings its motion pursuant to Fed. R. Civ. P. 12(b)(6). In considering the motion, the Court has liberally construed the Complaint, and the Court has taken as true all facts alleged in the Complaint and affords to the Plaintiff all reasonable inferences to be drawn from those facts. *Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). A complaint must contain "sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." *DuBois v. Ford Motor Credit Co.* 276 F.3d 1019, 1022 (8th Cir. 2002). Dismissals under Rule 12(b)(6) serve to eliminate actions that are fatally flawed in their legal premises and deigned to fail. *Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir. 2001).

The Complaint refers to Plaintiff's EEOC charge of discrimination and the EEOC's dismissal of the Plaintiff's charge on March 22, 2004, but copies of Saunders' charge and EEOC's right-to-sue letter were not attached to it.  In support of its motion to dismiss, Weyerhaeuser has provided the Court with a copy of the right-to-sue letter that it received. (Filing No. 6 at Ex. A).   I conclude that the right-to-sue letter is embraced by Saunders' Complaint, and the copy of the letter is properly part of the Rule 12 record.  Though "matters outside the pleading" may not be considered in deciding a Rule 12 motion to dismiss, documents "necessarily embraced by the complaint" are not matters outside the pleading." *Enervations, Inc. v. Minnesota Mining and Mfg. Co.,* 380 F.3d 1066, 1069 (8th Cir. 2004) citing *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003), *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir.1997) (concluding that a Memorandum of Understanding was embraced by the amended complaint and properly part of the Rule 12 record).  *See also* Fed. R. Civ. P. 10(c); *Kushner v. Beverly Enterprises, Inc.,* 317 F.3d 820, 831-832 (8th Cir. 2003) (quoting *In re Syntex Corp. Sec. Litig.,* 95 F.3d 922, 926 (9th Cir. 1996)) (affirming inclusion documents not attached to the complaint in Rule 12 record when their contents are alleged in a complaint and their authenticity is not questioned).

**Background**

Saunders alleges that Weyerhaeuser violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.,* by discriminating against her in employment on the basis of her sex.  She alleges that on October 30, 2002, Weyerhaeuser terminated her employment based on her failure to disclose her personal relationship with another

employee who was her subordinate at the company. Weyerhaeuser has a policy that has been construed to prohibit such conduct. Saunders alleges that she was treated differently from Weyerhaeuser's male employees who had engaged in similar conduct with subordinates and who were not terminated.

After her employment was terminated, Saunders filed a timely charge of sex discrimination with the EEOC on March 19, 2003. There appears to be no dispute that the charge was investigated, and thereafter, the EEOC prepared correspondence addressed to Saunders. The correspondence, referred to as the right-to-sue letter, notified Saunders that the EEOC was closing its file and informed Saunders that she had the right to sue Weyerhaeuser within 90 days in accordance with 42 U.S.C. § 2000e-5(f)(1). The Complaint was filed on March 2, 2005.

**Analysis**

I have examined the copy of the right-to-sue letter that was submitted to the Court in connection with this motion. The right-to-sue letter states on its fact that it was mailed on March 22, 2004. It is addressed to the Plaintiff, Susan M. Saunders, at her home in Buford, Georgia, and it indicates that copies of the letter were sent to Kurt Walters of Weyerhaeuser in Federal Way, Washington, and to Plaintiff's counsel, Benjamin Belmont, at the address also contained in the Complaint, in Omaha, Nebraska. No impediment to the normal delivery of this letter to Plaintiff or to her counsel appears on its face.

Saunders alleges that "through no fault of her own and due to fortuitous circumstances beyond her control, [Plaintiff] failed to receive notice of this dismissal and her right to sue within ninety (90) days until February 1, 2005." Filing No. 1, Complaint ¶5. Except for this allegation, Saunders has provided nothing to this Court to describe or to

3

explain the "fortuitous circumstance beyond her control." Although a motion under Fed. R. Civ. P. 12(b)(6) is considered on the pleadings, if matters outside the pleadings are presented to and not excluded by the court, the motion will be treated as one for summary judgment and disposed of as provided in Fed. R. Civ. P. 56. (See Fed. R. Civ. P. 12(b).) Saunders made no attempt or request to submit matters outside the pleadings, such as an affidavit, to provide factual support for the broad, conclusory allegation in her Complaint.

Absent estoppel or absent equitable tolling, a plaintiff alleging a violation of Title VII based on illegal sex discrimination must commence a lawsuit within 90 days from the plaintiff's receipt of the agency determination and notice of right to sue. Ninety days after the mailing date imprinted on Saunders' right-to -sue letter would have been on or about June 23, 2004. Weyerhaeuser seeks dismissal of the Complaint arguing that Saunders should have filed her Complaint on or about June 23, 2004, and because of her unexplained delay, the Complaint is time-barred. Saunders opposes the motion, arguing that because she filed the Complaint within 90 days of her actual receipt of the right-to-sue letter, Weyerhaeuser's motion to dismiss should be denied.

It is well-established that the ninety-day limitation period of 42 U.S.C. § 2000e-5(f)(1) is not jurisdictional but operates in the nature of a statute of limitations and is subject to equitable tolling and estoppel. *Zipes v. Trans World Airline, Inc.,* 455 U.S. 385, 393 (1982); *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989). "Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands." *Heideman v. PFL, Inc.*, 904 F.2d 1262, 1266 (8th Cir. 1990), *cert. denied*, 498 U.S. 1026 (1991). More recently, the Eighth Circuit Court of Appeals observed the following:

4

> The Supreme Court has indicated that equitable tolling might be appropriate when a claimant has received inadequate notice, when a motion for appointment of counsel was pending, when the court has led the plaintiff to believe that he had done everything required of him, or when affirmative misconduct on the part of the defendant has lulled the plaintiff into inaction. *See Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

*Hallgren v. U.S. Dept. of Energy*, 331 F.3d 588, 590 (8th Cir. 2003). *Compare Hallgren,* 331 F.3d at 590 (finding no basis for equitable tolling and holding that, by mailing the complaint one day before the deadline, plaintiff's attorney assumed the risk that any slight disruption of ordinary mail service might delay the filing) *with Walsh v. National Computer Systems, Inc.*, 332 F.3d 1150, 1157 (8th Cir. 2003)(tolling the limitation period finding that defense attorney's actions "lulled" plaintiff into delaying the refiling of her complaint in federal court).

The copies of the right-to-sue letter show that the letter was addressed to Saunders; that a copy was sent to Saunders' attorney of record at the same address that is included on Saunders' Complaint; that it was mailed on March 22, 2004; and that a copy was sent to Weyerhaeuser.[1] Saunders' alleges in her unverified Complaint that she failed to receive the notice. However, Saunders does not allege that the notice was not mailed, and she does not allege that her attorney did not receive it. She only alleges that she did not receive it "through no fault of her own and due to fortuitous circumstances beyond her control." This self-serving statement is either opinion or a legal conclusion, neither of which is sufficient to defeat the motion to dismiss. It is incumbent upon Saunders to set forth in

---

[1] That a date-received stamp appears on Weyerhaeuser's copy has not been considered in connection with this motion, given that no authentication or foundation has been laid for the document.

the Complaint the facts that support equitable tolling. There are no allegations in the complaint to explain or justify the reason that she did not receive the right-to-sue letter before February 1, 2005.

The only reasonable inference the Court can draw from these facts is that the right-to-sue letter was mailed on March 22, 2004, to the Plaintiff and to her attorney of record. *See Sherlock v. Montefiore Medical Center,* 84 F.3d 522, 526 (2nd Cir 1996) (holding that it may be assumed, absent challenge, that a notice provided by a government agency has been mailed on the date shown on the notice.) Citing *Kerr v. Charles F. Vatterott & Co.*, 184 F.3d 938, 947 (8th Cir. 1999), Weyerhaeuser argues that the facts are sufficient to create the presumption that the document was received. I agree.

Because the allegations in the Complaint that might be relevant to equitable tolling are simply self-serving opinion or legal conclusions and not facts, she has failed to rebut the presumption of timely receipt. I note that constructive notice of the right-to-sue is sufficient to trigger the commencement of the 90-day time period in 42 U.S.C. § 2000e-5(f)(1). Courts have dismissed actions as untimely when plaintiffs have been lax in monitoring the progress of their own charges or of keeping the EEOC informed of their current addresses. *See Williams v. Thomson Corp.*, 383 F.3d 789, 791 (8th Cir. 2004)(plaintiff's failure to update her address with the EEOC when she moved, despite her pending appeal with the EEOC and her awareness that the EEOC intended to issue her a right-to-sue letter, was insufficient to overcome dismissal of the complaint); *and Hill v. John Chezik Imports,* 869 F.2d 1122, 1124 (8th Cir. 1989)(barring Hill's action based on her constructive knowledge of the first right-to-sue letter that was mailed to her former

address more than 90 days before she commenced suit because Hill had a duty to notify the EEOC of her new address when she moved and failed to do so).

For all these reasons:

IT IS ORDERED:

1. The Defendant's Motion to Dismiss (Filing No. 5) is granted; and

2. For the reasons provided in this Memorandum, the Complaint is dismissed without prejudice.

Dated this 21st day of June, 2005.

                                       BY THE COURT

                                       s/Laurie Smith Camp
                                       United States District Judge